ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUL 21 PM 1: 06

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| FREDIS BLANCO GALLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 305-062 |
| | ) | |
| MICHAEL PUGH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Fredis Blanco Gallo, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed an action under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. The Court directed Respondent to respond to the petition, and Respondent complied. Upon consideration of the petition and Respondent's "Return on Order to Show Cause," as well as the "Supplemental Return on Order to Show Cause and Notice of Authority," the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

MCF is run by the Corrections Corporation of America ("CCA"), a private corporation which has entered into a contract with the Federal Bureau of Prisons ("BOP") to house federal prisoners. (Doc. no. 3, p. 2). Under that contract, CCA/MCF is required to

follow the BOP Program Statement for Disciplinary Procedures. (Doc. no. 1, Attach. 1). While incarcerated at MCF, Petitioner committed a disciplinary infraction, resulting in his appearance before a Disciplinary Hearing Officer ("DHO") and the disallowance of twenty-seven (27) days of Good Conduct Time ("GCT") as a disciplinary sanction. (Doc. no. 11, Attach. 7, 8). However, Petitioner argues that because CCA/MCF does not meet the statutory or regulatory definition of a federal prison or correctional institution, it is not authorized to enforce federal laws, including disallowing GCT. Thus, he requests the restoration of 27 days of GCT.

Respondent counters that since Petitioner filed his petition, a BOP Administrator with National Inmate Appeals reviewed the disciplinary proceedings which resulted in the disallowance of the 27 days of contested GCT; this BOP Administrator determined that the proceedings were conducted in substantial compliance with the applicable BOP Program Statement, the greater weight of the evidence supports the DHO's decision, and the sanctions imposed (including the disallowance of 27 days of GCT) were appropriate. (Doc. no. 11, Ex. 9). Thus, Respondent argues that because the BOP has reviewed and approved of the actions that form the basis for this habeas petition, Plaintiff's arguments about the delegation of federal authority to a private corporation is moot. (Doc. no. 11, p. 7). Respondent also notes the existence of sufficient evidence in the record to support the conclusion that Petitioner engaged in the prohibited conduct for which he was sanctioned. (Id. at 7-12). Finally, Respondent contends that a recent ruling by the Honorable John F. Nangle, United States District Judge, stands for the proposition that the BOP's subsequent ratification of a prison disciplinary sanction imposed by a private corporation renders moot any allegations of

improper statutory delegation. See Carabollo-Rodriguez v. Pugh, CV 304-081, doc. no. 15 (S.D. Ga. June 13, 2005), *appeal docketed*, No. 05-13616 (11th Cir. July 1, 2005).

## II. DISCUSSION

Under the direction of the Attorney General of the United States, the BOP is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The Attorney General's authority in this area encompasses contracting out the care of prisoners to private facilities. 18 U.S.C. § 4013(a)(3). The relationship between the federal government and facilities which house federal inmates pursuant to contract has been described as follows:

> Even though the federal government may enter into contracts with a local agency for imprisonment of federal prisoners, "no 'federal agency or officer thereof has any authority to exercise any control over the day to day management of the local institution or over the details of the custody and care of federal prisoners confined therein.'" . . . . 18 U.S.C. § 4001(b)(1), [provides] that "'[t]he control and management of Federal penal and correctional institutions. . . shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws. . .'" Therefore, when the Attorney General is not permitted to fulfill this role with respect to a penal facility, even when a contract for usage of that facility exists, the facility cannot properly be categorized a "Federal" prison.

United States v. Cardona, 266 F. Supp.2d 558, 560 (W.D. Tex. 2003) (internal citations omitted).

Here, Petitioner relies on Cardona to support his contention that MCF, a provider by contract with the federal government, is not a "federal" prison. Petitioner points out, and Respondent does not contest, that the "daily management of the facility, in addition to the care and custody of all federal prisoners housed in the McRae Correctional Facility, is the

3

sole responsibility of the Correctional Corporation of America and the employees hired by the corporation." (Doc. no 3, p. 2). Thus, the Attorney General has no direct or constructive control over managerial functions at MCF. (Id.). Accordingly, the Court concludes that MCF is not a "federal" prison and must turn its attention to the challenged authority to impose disciplinary sanctions - including the disallowance of GCT - that Petitioner alleges has been improperly delegated by the Attorney General, via the BOP, to the private entity that runs MCF.

As Judge Nangle recently explained in Carabollo-Rodriguez, *supra*, "'It is well-established that federal agencies may not delegate their statutory authorities to private parties.' Ocean Conservancy v. Evans, 260 F. Supp. 2d 1162, 1183 (M.D. Fla. 2003). However, '[t]he ultimate test of the validity of an agency's delegation of responsibility to a private party is whether the delegating agency retains final decision-making authority.' Id." (CV 304-081, doc. no. 15, p. 3). Here, there is evidence that the BOP determined the calculation of Petitioner's GCT, including the disallowance of 27 days as a disciplinary sanction, was proper. Specifically, Harrell Watts, Administrator for National Inmate Appeals for the BOP stated:

> We have reviewed the November 23, 2004, discipline hearing in which you were found to have committed the prohibited act of Fight With Another Person (code 201).
>
> . . . .
>
> Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the DHO's decision, and the sanctions imposed, disallowance of 27 days of Good Conduct Time and seven days Disciplinary

4

Segregation, were commensurate to the severity level of the offense and in compliance with policy. . . .

(Doc. no. 11, Gov't Ex. 9). Therefore, the "issue" of unlawful delegation is not really an issue at all. Stated another way, although MCF prison officials, employees of CCA, have authority to disallow GCT, this delegated authority is subject to review by the BOP.[1] Thus, BOP retains the requisite final decision-making authority.

In sum, Petitioner filed his petition seeking restoration of 27 days of GCT because a private corporation had taken away the GCT time that had been awarded under federal law. However, the BOP has reviewed the case, determined that the required disciplinary procedures were followed and that the disallowance of 27 days of GCT was commensurate with the severity of the offense, and concluded that the sanction was imposed in compliance with BOP policy. Thus, the BOP has exercised its final decision-making authority to

---

[1]The Court is aware that Mr. Watts performed his review for the BOP after Petitioner filed the instant habeas corpus petition. However, other evidence in the record convinces the Court that had Petitioner requested it, he could have obtained BOP review of the disallowance of his GCT prior to filing the instant petition. Specifically, Petitioner attached a copy of a portion of the CCA/MCF Correctional Facility Inmate Information Handbook (the "Handbook") which explains that there are two grievance procedures available to MCF inmates, one for care and supervision issues at MCF and one for BOP-related matters. According to the Handbook, "All matters dealing with BOP decisions will only be addressed through the Administrative Remedy Process." (Doc. no. 1, Attach. 2, Handbook, p. 37). Further, BOP related issues are defined as: (1) classification, (2) designation, (3) <u>sentence computation</u>, (4) reduction in sentence, (5) <u>removal or disallowance of good time</u>, (6) decisions involving the taking of inmate property, and (7) issues directly involving BOP staff. (<u>Id.</u> (emphasis added)). Thus, although Petitioner apparently assumed that he could not utilize the BOP Administrative Remedy Process to challenge the disallowance of GCT - as evidenced by his statement in his CCA/MCF grievance (doc. no. 1, Attach 2, appeal to CCA Managing Directory) - it appears that such an issue does fall under the topics subject to BOP review.

5

approve the actions of CCA/MCF officials acting pursuant to a contractual delegation of authority, and Petitioner's petition should be denied.[2]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 21st day of July, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]Given the Court's analysis of the issues above, it need not reach Respondent's alternative argument concerning the adequacy of the evidence in the record to support the charges that led to the challenged disallowance of GCT.

6

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

Delora L. Kennebrew, Esq.
Fredis Blanco Gallo, Pro-se

CASE NO: CV305-062

DATE SERVED: July 21, 2005

SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate